IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>vs.<br><br>SAMMY HORACE WILLIAMS II<br><br>    *Defendant.* | DOCKET NO. 1:19-CR-35<br><br>**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE** |

    Defendant, Sammy Horace Williams II, by and through his counsel of record, Assistant Federal Defender Mary Ellen Coleman, hereby submits his position regarding sentencing the factors. Mr. Williams sentencing position is based on the attached sentencing memorandum, exhibits, and any further evidence and argument that may be presented at sentencing.

                                        Respectfully submitted:

                                        s/ Mary Ellen Coleman
                                        Mary Ellen Coleman
                                        NC Bar 45313
                                        Assistant Federal Public Defender
                                        Office of the Federal Public Defender for the
                                        Western District of North Carolina
                                        1 Page Avenue, Suite 210
                                        Asheville, NC 28801
                                        (828) 232-9992 Phone
                                        (828)232-5575 Fax
                                        Mary_Ellen_Coleman@fd.org

Date: April 20, 2020

**MEMORANDUM**

Defendant, Sammy Horace Williams II, through undersigned counsel, hereby submits the following information for this Honorable Court to consider in fashioning a sentence which is sufficient but not greater than necessary under 18.U.S.C. § 3553(a).  Mr. Williams is before this Court having pled guilty to one count of Receiving Child Pornography in violation of 18 U.S.C. §§2252A(a)(2)(A) and (b)(1).  A Final Presentence Investigation Report ("PSR") was prepared on January 5, 2020.  The PSR calculates an advisory guideline range of 121-151 months based on a total offense level of 30 and a criminal history category of III.

Mr. Williams is requesting this Honorable Court to grant him a downward variance to a sentence of 60 months.  Mr. Williams requests a variance due to the specific mitigating facts of this case including Mr. Williams' own history and characteristics, Mr. Williams' lack of danger to the community, the obsolescence of certain U.S.S.G. § 2G2.2's enhancements as applied in this case, and the consideration that Mr. Williams' conduct is the type of conduct that is properly placed on the lowest end of the criminal continuum for this type of offense.

**I.      PERSONAL BACKGROUND AND CHARACTERISTICS**

Sammy Horace Williams is a 55 year old man born in Tryon, North Carolina and who for the past three years has lived with his mother in Asheville, North Carolina.  Sammy was raised by both parents.  Although he left school early, he completed his GED and learned a marketable skill as a painter.  This skill has allowed Sammy to be employed for most of his life.  Although he lost the job he had at the time due to his arrest for this offense, he was quickly able to find employment with another paint contractor that he had previously worked with.  He was able to maintain this employment while out on bond until his plea to this offense.

2

Sammy acknowledges that he has had a longstanding problem with alcohol abuse. Prior to this offense, his only prior criminal history consisted of two DWI convictions, one from 2004 and one from 2011. The 2011 DWI gave him his sole criminal history points. At the time of the search of his home in this case, Mr. Williams was arrested on a violation of probation that had never been served for this 2011 DWI. Therefore, he received two additional criminal history points for still being under a criminal justice sentence. To Sammy's credit, after his arrest and placement on conditions of pretrial release, Sammy was able to maintain his sobriety and did not violate his pretrial supervision. He is interested in further treatment, not just for his alcohol addiction, but also to address his underlying compulsive behaviors. In the past, he continued to drink despite the fact that it harmed other aspects of his life. He recognizes the same behavior in his offense conduct. Sammy can see similarities between the difficulty he had controlling a desire to drink and also the desire to watch pornography. Sammy acknowledges his personal responsibility for his offending behavior and is interested in treatment to address his alcoholism, as well as, his actions in this case. He realizes that unpacking the underlying issues fueling these addictive behaviors is crucial to his rehabilitation.

The search of Mr. Williams home leading to the charges in this case occurred almost three years ago on May 18, 2017. PSR ¶ 11. At the time of the search Mr. Williams was cooperative and gave a statement regarding his illegal online activities. Mr. Williams told authorities that he would never physically touch a child, he did not go into chat rooms, and that he did not intentionally share files. Mr. Williams was not arrested or by state or federal authorities for this offense on May 18, 2017. However, as stated, he was served with a violation of probation from a five-year-old sentence for his prior conviction for DWI in paragraph 43 of

the PSR. He served his probation violation and was released in September of 2017. He was then allowed to remain in the community he lived in and was not placed on any bond restrictions. During this time he lived with his mother, he worked, and he did not commit any other crimes. Over a year and a half later on April 3, 2019, the above captioned indictment was filed in the Federal District Court. Mr. Williams made his initial appearance on May 3, 2019 and was released on bond with conditions of supervision. He continued to live at his mothers home and he complied fully with his conditions of supervision while on release. His bond was revoked by statute upon the entry of his guilty plea on October 30, 2019. Mr. Williams spent years in the community after the discovery of his offense, committed no new crimes, and presented no danger to others. He maintained his sobriety, held full time employment, and appeared in court as directed even knowing that he would come into custody at the time of his plea.

Sammy Williams has proven in the last few years that he can be amenable to supervision. He is committed to never returning to jail, has incite into his actions, is amendable to treatment, and has a stable support network in the community to assist him upon his return.

## II. THE CURRENT SENTENCING GUIDELINES HAVE LITTLE APPLICABILITY IN CHILD PORNOGRAPHY CASES

Although it has been argued many times in this Court, it is no less relevant in Mr. Williams' case that the sentencing guidelines for child pornography have reached the point where they are followed far more in the breach than in the honoring. The United States Sentencing Commission continues to produce updated reports detailing the use of guidelines and specific offense characteristics. According to the most recent data available from the United States

4

Sentencing Commission, 4th Quarter Release 2019 Preliminary Cumulative Data[1], published January 8, 2020, out of 1342 child pornography cases sentenced (October 1, 2018 through September 30, 2019) under U.S.S.G. § 2G2.2, only 406 — around 30% — received sentences within the Guidelines range. Almost all of the others — 926, or almost 70% — received sentences below the Guidelines range.[2] *See* Exhibit 1, Table 11. Of those sentences, 804, almost 60%, were downward variances. At this point, a Guidelines sentence under this section is virtually an aberration.

Four of the six Specific Offense Characteristics found in §2G2.2(b) — together accounting for 13 offense levels — continue to apply to the typical non-production offender. According to the Sentencing Commission's most recent data, in fiscal year 2018, §2G2.2(b)(2) (images depicting pre-pubescent minors) applied in 94.1% of cases; §2G2.2(b)(4) (sado-masochistic images) applied in 67.1% of cases; §2G2.2(b)(6) (use of a computer) applied in 96.6% of cases; and §2G2.2(b)(7)(D) (over 600 images) applied in 76.7% of cases. United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics, Guideline Calculation Based, Fiscal Year 2018.[3] (*See* attached Exhibit 2, partial report).

Mr. Williams' case unsurprisingly contains two of the specific offense characteristics found in 96.6% and 94.1% percent of child pornography offenses, use of a computer, and possession of a material containing a prepubescent minor. These enhancements are all but inherent to the crime of the conviction. Yet, these two increases, found in almost every child pornography case, act as an aggravator to his guideline range and provide for a four level, or 43-

---

[1] *Available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/quarterly-sentencing-updates/USSC_Quarter_Report_4th_FY19.pdf, Table 11, p. 18
[2] *Id.*
[3] *Available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-

5

54 month increase in his sentence. These two sentencing "enhancements," originally intended to provide additional, proportional punishment for *aggravating* conduct, now routinely apply to the *normal* conduct of the vast majority of offenders like Mr. Williams. The enormous frequency with which these enhancements are applied necessarily describes conduct that is essentially inherent to the crime itself, not aggravating conduct warranting a more serious sentence due to any elevated risk of harm.

Several of the categories of offender behavior that the Commission recommended *should* be considered in imposing sentencing in non-production § 2G2.2 cases do not exist in Mr. Williams case. There is no evidence that Mr. Williams engaged in an Internet "community" or interacted with other child pornography offenders. There is no evidence that Mr. Williams sought images of infants or images of particularly young children, or depictions of violence. Mr. Williams is almost 55 years old and there is no history of Mr. Williams ever engaging in any sexually abusive or predatory conduct in addition to his child pornography offense. There is no proof in this case that Mr. Williams actively intentionally engaged in sharing images with specific other individuals. Mr. Williams submits that these factors in combination with his low risk of danger to the community and reoffending support the non-guidelines sentence requested.

### III.    18 U.S.C. § 3553(a)(2)

This Court is instructed to impose a sentence that is "sufficient, but not greater than necessary" to achieve the goals of sentencing. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). In determining the appropriate sentence, the Court must consider all the characteristics of the defendant, as well as the circumstances of the offense and must structure a sentence that

---

statistics/guideline-application-frequencies/2018/Use_of_SOC_Guideline_Based.pdf

furthers the purposes of sentencing. Mr. Williams submits that a sentence of 60 months is sufficient but no greater than necessary to satisfy the 18 U.S.C. §3553(a) factors.

In regard to specific deterrence, Mr. Williams is currently 55 years old and is requesting that a five-year sentence be imposed. The United States Sentencing Commission published a report on December 7, 2017 entitled *The Effects of Aging on Recidivism Among Federal Offenders*.[4] The report examined the impact of the aging process on federal offender recidivism and the impact of other offense and offender factors once age is accounted for.[5] The Commission found that older offenders are substantially less likely to recidivate following release compared to younger cohorts. The pattern is consistent across age groups, as age increases recidivism by any measure declined. Furthermore, specifically considering sex offenders, research finds very low recidivism rates among sex offenders above the age of 60—much lower than would be expected given the offenders' histories of sexual and violent crime [6]. This time in local custody has been a significant deterrent for Mr. Williams. Because of the nature of the charges he has spent the last months of his period of incarceration in voluntary protective custody. He has had to give up jail privileges (he only has limited time for hygiene and to use the telephone) to remain in this type of confinement.

Mr. Williams has multiple characteristics that make him a low risk of reoffending and mitigate any danger to the community. He is a 55 year old individual with no history of contact

---

[4] *Available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf
[5] *The Effects of Aging on Recidivism Among Federal Offenders*; found at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf
[6] *Improving the Predictive Accuracy of Static-99 and Static-2002 With Older Sex Offenders: Revised Age Weights*; Sexual Abuse: A Journal of Research and Treatment, found at http://www.static99.org/pdfdocs/HelmusThornton_et_al_2012_Static-99RStatic-2002R.pdf

offenses, few prior convictions, little history of illegal drug use, and no history of violence. He was allowed to live in the community for two years without incident after the search of his home and was supervised on pretrial release without incident. He was able to maintain his sobriety during this period of time. Mr. Williams's age alone is a significant factor in whether or not he will reoffend.

In consideration of general deterrence, while the public's outcry for harsher sentences in child pornography cases is a somewhat understandable visceral response, there is no evidence in this record that supports the notion that a harsher punishment will reduce the flow of child pornography on the internet. This is in part because the production and dissemination of child pornography is a widespread, international problem. The United States Sentencing Commission's own research report acknowledged that there is no research to support the theory that criminal punishments have affected the child pornography markets since the advent of the Internet and file sharing programs.[7] Criminological research over several decades and in various nations generally concludes that enhancing the certainty of punishment produces a stronger deterrent effect that increasing the severity of punishment.[8]

## IV. CONCLUSION

Sammy Williams has never improperly touched a child, he did not knowingly share files, he admitted what he had done as soon as the agents appeared with a search warrant, and he has fully accepted responsibility for his offense. Mr. Williams is not the dangerous offender Congress envisioned when this guideline was created and his actions fall on the lower end of the spectrum of offenders punished under this particular guideline. Lengthy incarceration is not

---

[7] *Available at* https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf, p. 98.

necessary to protect the public. Mr. Williams's age, family support, and employment history point to a very low risk of further offending.

For the foregoing reasons, Mr. Williams respectfully requests that the Court consider all the facts and circumstances of his case, along with the advisory guidelines and the statutory factors enumerated in 18 U.S.C. § 3553(a), and grant him a departure/or variance down to a sentence of 60 months.

Dated: April 20, 2020
Respectfully Submitted,

s/ Mary Ellen Coleman
Mary Ellen Coleman
NC Bar 45313
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender for the
Western District of North Carolina
1 Page Avenue, Suite 210
Asheville, NC 28801
Phone (828) 232-9992
Fax (828) 232-5575
E-Mail: Mary_Ellen_Coleman@fd.org

---

[8] *See* https://www.sentencingproject.org/wp-content/uploads/2016/01/Deterrence-in-Criminal-Justice.pdf